IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, | ) |
|     *Plaintiff*, | ) Civil Action No: |
| v. | ) |
| | ) Judge |
| William Lee, Governor of the State of Tennessee, in his official capacity; | ) |
| | ) Magistrate Judge |
| And, | ) |
| David Rausch, Director of the Tennessee Bureau of Investigation, in his official capacity; | ) |
|     *Defendants.* | ) |

## COMPLAINT

1. Plaintiff John Doe[1] brings this 42 U.S.C. § 1983 action alleging that Defendants have violated, and continue to violate, Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Plaintiff seeks declaratory and injunctive relief against the Defendants.

## PARTIES

2. Plaintiff John Doe is an adult resident of Cumberland County, Tennessee.

3. Defendant William Lee is the Governor of the State of Tennessee.

---

[1] Plaintiff will be filing a motion to proceed under pseudonym and for protective order shortly after filing this complaint.

1

4. Defendant David Rausch is the Director of the Tennessee Bureau of Investigation, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are state officials whose offices are located in this district.

## FACTUAL BACKGROUND

### A. Plaintiff's Background

6. Plaintiff is a sixty-two-year-old widowed man. At the time that Plaintiff's wife passed away in 2018, they had been married for 16 years.

7. Plaintiff is required under Tennessee law to be registered on Tennessee's Sex Offender Registry (T.C.A. § 40-39-201 et seq.) due solely to convictions for a case involving a sex offense that occurred in 1991 in North Carolina.

8. Solely due to Plaintiff's 1991 offense, Tennessee law declares him a "Violent Sexual Offender" in perpetuity, and subjects him to lifetime registration on the sex offender registry and a host of restrictions, obligations, and punishments.

9. All of Tennessee's sex offender registration, monitoring, and enforcement laws were passed after Plaintiff committed his qualifying offense.

### B. Tennessee's Sex Offender Registration and Monitoring Regime

10. In 1994, Tennessee passed its first ever sex offender registry law. However, this law required only that offenders register in a private law enforcement database.

11. Tennessee continued expanding the registry laws through the nineties, increasing reporting requirements and, eventually, making sex offender registrations public for those who had committed their offenses after July 1, 1997.

12. Tennessee continued periodically passing laws expanding its sex offender registration and monitoring regime, until in 2004 Tennessee passed sweeping new restrictions on convicted sex offenders hereinafter referred to as "SORA."

13. SORA imposed stringent registration and reporting requirements on statutorily defined "sexual offenders," "violent sexual offenders," and "offenders against children," and severely limited where sex offenders could live, work, and go.

14. SORA applied retroactively to past offenders, imposing its labels, restrictions, obligations, and punishments even where an offender's only qualifying offenses had occurred prior to SORA's enactment.

15. In the years since 2004, Tennessee has periodically enacted amendments to SORA, almost all of which have made it even more draconian, intrusive, and punitive.

16. Under present law,[2] Tennessee's SORA regime requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

    a. Quarterly registration with local law enforcement;

    b. Payment of annual registration and monitoring fees;

    c. Re-registration within forty-eight hours if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

    d. When in public, <u>always</u> carry his state-issued identification with him, which must have a sex offender designation on it.

---

[2] T.C.A. § 40-39-201 *et seq*.

17. Tennessee's SORA regime includes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

    a. Name

    b. Classification of "VIOLENT AGAINST CHILDREN"

    c. Status of "ACTIVE"

    d. Date of birth

    e. Full criminal history

    f. Residential address

    g. Race and gender

    h. Last date of information verification

    i. Most recent photograph submitted to TBI

    j. Driver's license and/or state identification number

    k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks

    l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants

    m. Address of Plaintiff's employer(s)

    n. License plate number and description of Plaintiff's vehicle(s)

18. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

    a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

b. Residing within 1000' feet of the victims from Plaintiff's criminal case, or any of the victims' family members; coming within 100' of the victims; or, contacting the victims without their consent.

c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

   i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;

   ii. "Stand[ing], sit[ting] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"

   iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

d. Residing with two or more other convicted sex offenders;

e. Being alone with a minor in a "private area."

f. Residing with, or having an overnight visit in, a place in which a minor is present.

19. SORA authorizes the following additional optional punishments against Plaintiff:

   a. Public libraries may ban Plaintiff from their premises;

5

b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

   c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system.

### C. Specific Impacts of SORA on Plaintiff

20. SORA's impositions, detailed at ¶¶ 16 – 19, have substantially interfered with Plaintiff's career, family, reputation, and overall enjoyment of life and will continue to substantially interfere so long as Plaintiff is subject to them.

21. Under current law, Plaintiff will continue to be subjected to these SORA impositions for the rest of his life.

22. SORA requires Plaintiff to report quarterly, and each time he reports he must sign his acknowledgment of the SORA rules. The rules are complex, and each time he reports it seems like there are new rules in place. Consequently, Plaintiff routinely feels anxiety that he could be arrested because of a rule change that he is not even aware of.

23. Plaintiff has to pay the TBI registration fees of $150 a year.

24. Plaintiff has had two children, a son and a daughter, although Plaintiff's son died untimely in 2004. Plaintiff suffered significant trauma from his son's death, and continues to grieve to this day. Plaintiff's adult daughter has five children of her own, two of whom are still minors. Because SORA makes it so difficult to travel, to be around minors, and to be in public places where children go, Plaintiff has not seen his daughter and grandchildren in three years. Plaintiff would very much like to be able to freely visit his daughter and grandchildren to reconnect and attend their important life events. Plaintiff has missed many events in their lives due to SORA such as births, graduations,

birthday parties, athletic events, and other school and extracurricular events. Especially due to the loss of his wife and son, Plaintiff is extremely lonely. Plaintiff would deeply appreciate the lifting of the SORA restrictions so that he can spend more time with his daughter and grandchildren and deepen his connections with them.

25. SORA makes it impracticable for Plaintiff to travel, because states require that registered offenders register in the state that they are visiting and be subject to restrictions there. Plaintiff is originally from Minnesota, and still has old friends there. Plaintiff also has friends in Wisconsin. Plaintiff would love to get back to the Midwest and reconnect with his friends, but SORA makes this impracticable.

26. Plaintiff currently only lives on social security and his retirement accounts. He would like to be able to get a part-time job, to feel more connected to the community and earn extra money to travel to see friends and family. However, it is difficult for Plaintiff to get a job because of SORA.

27. Plaintiff has been a member of his church for over five years, has served as trustee, and has volunteered for the church. However, some people complained about a registered sex offender operating in a volunteer capacity, so Plaintiff had to step back from being so involved. Plaintiff feels a sense of loss and pain from not being able to help others more through volunteering.

28. Plaintiff would love to go to public parks and enjoy time there. But, Plaintiff is prohibited from doing so by SORA.

29. Plaintiff's local law enforcement agency periodically comes to his home and requests consent to search. Plaintiff lives on a cul-de-sac, and these visits are very visible to the neighbors. These random searches of Plaintiff's home are invasive and humiliating.

30. Plaintiff would also like to be able to obtain a passport that does not mark him as a sex offender, and go on cruises. However, Plaintiff can only get a sex offender passport due to the combination of being on the registry and the "International Megan's Law."[3]

31. Plaintiff pays higher rates for car insurance and other types of insurance due to being on the registry, despite having a near perfect credit score that is in the 800's.

32. Plaintiff fears that as a registered sex offender he could be targeted by vigilantes and suffer harassment, vandalism, injury, or death.

33. Due to these and a host of other impacts over the course of the past decades, Plaintiff seeks immediate relief from SORA.

## CLAIMS FOR RELIEF

### COUNT I: EX POST FACTO VIOLATION IN VIOLATION OF ARTICLE I, § 10 OF THE U.S. CONSTITUTION (42 U.S.C § 1983)

**(ALL DEFENDANTS)**

34. Plaintiff hereby reincorporates paragraphs 1 – 33 by reference.

35. As applied to Plaintiff, Tennessee's SORA regime constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

36. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA regime.

37. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime on him in violation of his constitutional right against *ex post facto* punishment.

---

[3] 22 U.S.C. §212b (including in the definition of "covered sex offender" that one be presently required to register in any jurisdiction).

## REQUEST FOR RELIEF

**WHEREFORE**, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA regime against Plaintiff solely on the basis of his 1991 offense.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee to retroactively impose its SORA regime on Plaintiff solely on the basis of his 1991 offense.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA restrictions against Plaintiff solely on the basis of his 1991 offense.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com